Babak Semnar, Esq. (SBN 224890)
Bob@sandiegoconsumerattorneys.com
Jared M. Hartman, Esq. (SBN 254860)
jared@sandiegoconsumerattorneys.com
SEMNAR & HARTMAN, LLP
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone (619) 500-4187; Fax (888) 819-8230

Attorneys for Plaintiff, RICHARD MILLER, JR.

**SUPERIOR COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD MILLER, JR.; <br><br> Plaintiff, <br><br> vs. <br><br> DELL FINANCIAL SERVICES LLC; and DOES 1-25; <br><br> Defendants. | Case No.: **'16CV0314 W    JLB** <br><br> COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF: <br> 1. FEDERAL FAIR CREDIT REPORTING AGENCIES ACT, <br> 2. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, <br> 3. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE SUPERIOR COURT JUDGE:

Complainant, RICHARD MILLER, an Individual, by and through his attorneys of record, BABAK SEMNAR and JARED M. HARTMAN of SEMNAR & HARTMAN, LLP, hereby complains and alleges as follows:

**INTRODUCTION**

1. This action arises out of Defendant DELL FINANCIAL SERVICES

1
**Complaint for Damages and Injunctive Relief**

1  LLC's (hereinafter "Defendant DELL") violations of the Federal Fair Credit Reporting Act (15 U.S.C. §§ 1682-1681x) ("Federal FCRA"), the State of California Consumer Credit Reporting Agencies Act (hereinafter "California CCRAA") (Calif. Civ. Code §1785.25(a)), and the State of California Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §§ 1788, et seq.).

2. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff personally, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION & VENUE

4. This action arises out of Defendant DELL's violations of the Federal FCRA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p.

5. The U.S. District Court has supplemental jurisdiction over Plaintiff's causes of action for the State of California CCRAA and the California Rosenthal Act, pursuant to 28 U.S.C. § 1367(a).

6. Jurisdiction of this Court is proper concerning the subject matter addressed herein, because all causes of actions arising from Defendant DELL's violations occurred while Plaintiff resided within the boundaries of the City of

1  Vista, County of San Diego, State of California, and because Plaintiff is still a

2  permanent resident of the City of Vista, County of San Diego, State of California.

3        7.     Defendant DELL is a Texas company located at 12234 N Interstate 35

4  Frontage Rd, Austin, Texas 78753, but conducts business within the State of California

5  and County of San Diego by contacting such residents to engage in business

6  transactions and for purposes of debt collection activity, and therefore personal

7  jurisdiction is established.

8        8.     Because all tortious conduct occurred while Plaintiff resided in the City of

9  Vista, County of San Diego, and witnesses reside within the County of San Diego,

10 venue properly lies in this Court.

11
**PARTIES & DEFINITIONS OF
CONSUMER RIGHTS LAWS**

12

13       9.     Plaintiff is a natural person whose permanent residence is in the City of

14 Vista, County of San Diego, State of California, and is therefore a "consumer" as that

15 term is defined by Calif. Civ. Code § 1785.3(b) of the California CCRAA and 15

16 U.S.C. § 1681a(c) of the Federal FCRA.

17       10.    As it pertains to the California CCRAA and the Federal FCRA, the causes

18 of action herein pertain to Plaintiff's "consumer credit reports", as that term is defined

19 by Calif. Civ. Code § 1785.3(c) of the California CCRAA and 15 U.S.C. § 1681a(d)(1)

20 of the Federal FCRA, in that inaccurate misrepresentations of Plaintiff's

21 creditworthiness, credit standing, and credit capacity have been made via written, oral,

3
**Complaint for Damages and Injunctive Relief**

or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

11. As it pertains to the California CCRAA and the Federal FCRA, Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Calif. Civ. Code § 1785.3(j) of the California CCRAA and 15 U.S.C. § 1681a(b) of the Federal FCRA.

12. Plaintiff is a natural person, and is therefore a "person" as that term is defined by California Civil Code § 1788.2(g) of the Rosenthal Act.

13. Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act, since Defendant has attempted to collect from Plaintiff payments upon an alleged debt for computer electronics, which debt was incurred for Plaintiff to use in their normal everyday life.

14. The credit extended by Defendant to Plaintiff constituted a "consumer credit transaction", as that term is defined by California Civil Code § 1788.2(e) of the Rosenthal Act, because electronics were given to Plaintiff for Plaintiff to use in his normal everyday life, without payment being required at the time of the transaction, which called for Plaintiff to pay back the loan over time.

15. Because Plaintiff, a natural person, was allegedly obligated to pay money

1 to Defendant for a consumer credit transaction, the money allegedly owed was therefore
2 both a "consumer debt" as that term is defined by California Civil Code § 1788.2(f) of
3 the Rosenthal Act and a "debt" as that term is defined by California Civil Code §
4 1788.2(d) of the Rosenthal Act.

5      16.    Defendant, in the ordinary course of business, regularly, and on behalf of
6 themselves, engages in the practice of collecting "consumer debts", and thereby
7 engages in "debt collection" as that term is defined by California Civil Code section
8 1788.2(b) of the Rosenthal Act.

9      17.    Because Defendant engages in "debt collection", Defendant is therefore a
10 "debt collector" as that term is defined by California Civil Code section 1788.2(c) of
11 the Rosenthal Act.

## FACTUAL ALLEGATIONS

13      18.    Sometime in the year 2007, Plaintiff is informed and believes that his
14 father—Richard Miller, Sr.—obtained a line of credit from Defendant in his name
15 (Richard Miller, Sr.), for Defendant to provide electronics for his son, Plaintiff
16 RICHARD MILLER, JR., to use in his everyday life, and the electronics were provided
17 without payment being required at the time of the transaction in exchange for Plaintiff's
18 father agreeing to pay for the electronics in the future.

19      19.    Plaintiff is now informed and believes that the loan was issued in his own
20 name, as opposed to his father's name, entirely unbeknownst to Plaintiff.

21      20.    Plaintiff is not sure if his father intentionally used Plaintiff's name and

1 failed to inform Plaintiff, or if Defendant made the mistake in its paperwork and listed
2 the loan as being in Plaintiff's name as opposed to his father's.

3   21.   Nevertheless, the loan went into default and was charged off sometime in
4 the year 2010, as Plaintiff never made payments upon the loan due to his lack of
5 knowledge as to the loan being in his name.

6   22.   In February of 2015, Plaintiff and his wife began looking to move into a
7 place more suitable for their needs—better schools, a bigger home, and a backyard for
8 their future children, as the young married couple were beginning to plan out their
9 future lives and family planning.

10   23.   Plaintiff and his wife discovered their dream home in the City of Carlsbad,
11 as it had everything they wanted and were looking for.

12   24.   Unfortunately, however, during the loan application process, in March
13 2015, Plaintiff was informed by his loan officer that there is a questionable account on
14 his credit report that is holding up completion of their application process.

15   25.   Plaintiff was then informed that Defendant DELL was reporting on
16 Plaintiff's credit report that a loan issued in his name from 2007 was discharged in
17 bankruptcy.

18   26.   Plaintiff had never been through bankruptcy at all in his life, and was
19 dismayed to learn that this would be reported on his credit report.

20   27.   Plaintiff's father—Richard Miller, Sr.—proceeded through a bankruptcy,
21 but did not list this DELL account as a liability.

6
**Complaint for Damages and Injunctive Relief**

28. Plaintiff has since been informed by DELL, in writing via letter dated December 11, 2015, that DELL had coded Plaintiff's father's bankruptcy to the account in Plaintiff's name in error.

29. On or about March 28, 2015, Plaintiff submitted written disputes to the consumer credit reporting agencies Equifax and Trans Union to dispute the basis of DELL's false reporting of the account being discharged in bankruptcy.

30. However, Plaintiff was informed by the credit reporting agencies in April 2015 that DELL had confirmed the accuracy of the false reporting.

31. Therefore, Plaintiff is informed and believes that DELL failed to conduct a reasonable investigation of their reporting in response to Plaintiff's written disputes, as required by 15 U.S.C. § 1681s-2(b), because the information was clearly not accurate and a simple review of the account history would confirm the inaccuracies.

32. Plaintiff thereafter began contacting DELL in April 2015 to seek rectification of this issue through them, and he stressed the importance of having this inaccurate reporting rectified as soon as possible so that he could move forward with securing a loan for his dream home.

33. Shortly thereafter, DELL finally removed the false notation that the account had been discharged in bankruptcy.

34. Unfortunately, however, DELL created an entirely new account number and falsely reported to the credit reporting agencies Experian and Equifax that Plaintiff paid upon the account in April 2015 and also reported that the date of first delinquency

1  was May 2015, while concurrently reporting that the account was closed in 2010.

2  35. By falsely reporting the date of first delinquency in May 2015 as opposed to the true date of first delinquency, the consequential effect is that the account would remain on Plaintiff's consumer credit reports for longer than required by 15 U.S.C. 1681c of the Federal Fair Credit Reporting Act.

36. Moreover, by falsely reporting a payment in April 2015 that never occurred and also falsely reporting a date of first delinquency in May 2015 as opposed to the true date of first delinquency, the consequential effect is that the credit scoring models weigh more heavily a recent delinquency as compared to an older delinquency, which means Plaintiff's consumer credit score and creditworthiness at the time was less than it otherwise should have been.

37. Plaintiff was informed by his potential loan officer that even this manner of reporting by DELL still prevented him from moving forward with a home loan application.

38. After several months of Plaintiff calling DELL in an attempt to obtain rectification from DELL, starting in September 2015, Plaintiff was then transferred by customer service to DELL's internal collections department every time he called.

39. The internal collection agents would occasionally claim to Plaintiff that the account was discharged in bankruptcy and that they could do nothing to help him despite his explanations that this was never accurate.

40. Plaintiff's efforts to seek informal rectification with DELL's collection

department eventually resulted in him being connected with a special "investigator", identified as "Nitzu", as DELL locked Plaintiff's account so that only "Nitzu" could have access to the records and was therefore the only DELL agent who could take any action thereupon.

41. In several phone calls sometime in November and December 2015, "Nitzu" persisted in telling Plaintiff that the only way this could be rectified was for Plaintiff to pay the outstanding amount.

42. Plaintiff protested that he was unaware of the account ever having been issued in his name in the first place, to which "Nitzu" would persistently respond that either he or his father needs to pay the outstanding amount, or Plaintiff would have to file a police report against his father to have his name removed from the account.

43. During one conversation, "Nitzu" even misrepresented to Plaintiff that his conduct in calling to inquire about the account has "re-affirmed" the debt.

44. "Nitzu's" claim is false, as Plaintiff persisted he was disputing the alleged debt in his name.

45. Because the account went into default in the year 2010, the statute of limitations for DELL to seek legal enforcement has since expired.

46. Under California law, in order to revive a statute of limitations for breach of contract, the allegedly breaching party would have to agree in writing that the statute of limitations has been revived.

47. As such, "Nitzu's" claim that Plaintiff "re-affirmed" the debt as his by

merely calling to investigate the account is a false and oppressive misrepresentation.

48. During this entire ordeal where Plaintiff would place calls to DELL to seek informal rectification, DELL was also placing calls and delivering letters to Plaintiff's father trying to collect upon the account, which is wholly inconsistent with DELL's claim that the account was in Plaintiff's name as the obligor.

49. During one phone call placed to Plaintiff by DELL on December 22, 2015 in an attempt to seek payment upon the account, Plaintiff protested that DELL's action in inaccurately reporting a false payment in April 2015 and a false date of first delinquency of May 2015 had the effect of "re-aging" the account on his credit report, the agent rebuffed Plaintiff's complaint and simply reiterated, "I'm sorry you feel that way, sir, but this is our policy."

50. Plaintiff then submitted another written dispute of this reporting to the consumer credit reporting agencies Equifax and Trans Union.

51. Plaintiff was thereafter informed that DELL had again changed its reporting of the account to remove any derogatory payment history, but has instead reported the account as closed in January 2016 with a high balance in excess of $1,000.00, and reported the account as closed at the credit grantor's request.

52. DELL's false reporting of the account as being closed in January 2016 is still wrong, as it was actually closed many years before in 2010, and has the consequently effect of causing the account to remain on his report until the year 2026, which is still longer than it should remain on the account pursuant to 15 U.S.C. 1681c

of the Federal Fair Credit Reporting Act.

53. Therefore, Plaintiff is informed and believes that DELL failed to conduct a reasonable investigation of their reporting in response to Plaintiff's written disputes, as required by 15 U.S.C. § 1681s-2(b), because the information was clearly not accurate and a simple review of the account history would confirm the inaccuracies.

54. Plaintiff ultimately expended numerous hours trying to seek rectification of this account with DELL by placing numerous telephone calls to them between April to December 2015, with each call resulting in Plaintiff being rebuffed and told that there is nothing that can be done if Plaintiff does not make a payment.

55. Plaintiff consequently suffered significant emotional distress and mental anguish by way of anger, frustration, fear, feelings of hopelessness and despair, feelings of being oppressed and ignored, panic attacks, migraines, and loss of sleep.

56. Plaintiff and his wife both suffered emotional distress and mental anguish due to their inability to move forward in obtaining a loan for their dream home, which occurred during the months of April 2015 to February 2016.

57. Plaintiff's inability to obtain the home loan for his wife had the consequential effect of making him feel like he could not provide for his family and made him feel like he is not adequate enough for his wife, which has in turn contributed to Plaintiff's emotional distress and mental anguish.

58. Plaintiff's actual damages not only include the emotional distress identified above, but also loss of creditworthiness and credit standing for not being able to move

forward with a home loan as a direct result of Defendant's inaccurate reporting.

# FIRST CAUSE OF ACTION
## FEDERAL FCRA
## 15 U.S.C. § 1681s-2(b)

59. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

60. As the furnisher of information to credit reporting agencies, Defendant DELL is and always was obligated to take the following steps upon receiving notice of a dispute by a credit reporting agency by 15 U.S.C. § 1681s-2(b)(1)(A)-(E) of the Federal FCRA:

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)];

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

(i) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

1       61.     Plaintiff submitted written disputes to the consumer credit reporting agencies Equifax and Trans Union several times throughout the year 2015, in particular in March and December of 2015, with respect to DELL's manner of reporting upon the account.

        62.     In response to the March 2015 written disputes, Plaintiff received information from Equifax and Trans Union that they had forwarded the disputes to DELL and that DELL had confirmed with them that their manner of reporting was accurate.

        63.     Therefore, Plaintiff is informed and believes that DELL failed to conduct a reasonable investigation of their reporting in response to the March 2015 written disputes, as required by 15 U.S.C. § 1681s-2(b), because the information was clearly not accurate and a simple review of the account history would confirm the inaccuracies.

        64.     Moreover, in response to the December 2015 written disputes, Plaintiff received information from Equifax and Trans Union that they had forwarded the disputes to DELL and that DELL had changed the account to reflect an inaccurate closed date of January 2016, when in reality the account was closed in 2010, and this false reporting has the consequential effect of making the account stay on his credit reports much longer than it otherwise should.

        65.     Therefore, Plaintiff is informed and believes that DELL failed to conduct a reasonable investigation of their reporting in response to the December 2015 written disputes, as required by 15 U.S.C. § 1681s-2(b), because the information was clearly

1 not accurate and a simple review of the account history would confirm the inaccuracies.

2     66.   Defendant DELL has also failed to update the derogatory items with the notation that the items are "in dispute", as required by 15 U.S.C. § 1681s-2(b)(1)(A) and *Gorman v. Wolpoff & Abramson, LLP* (9th Cir. 2009) 584 F.3d 1147, 1163-1164.

    67.   Plaintiff is informed and believes that Defendant DELL's violations above were willful, because Plaintiff has provided very detailed information as to how the information was not accurate and how it should be accurately reported, not only through his written disputes but also through several telephone calls, yet Defendant DELL on multiple occasions failed to correct the inaccuracies.

    68.   As a result, Plaintiff suffered economic damages and emotional distress damages as described above.

**SECOND CAUSE OF ACTION**
**CALIFORNIA CCRAA**
**Calif. Civ. Code § 1785.25(a)**

    69.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs as if fully stated herein.

    70.   As the furnisher of information to credit reporting agencies, Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew or should have known the information was incomplete or inaccurate, as required by Calif. Civ. Code § 1785.25(a) of the California CCRA.

    71.   Even if the derogatory reporting is technically accurate, it is still a

violation of this law if the derogatory reporting is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. *Cisneros v. U.D. Registry, Inc.* (1995) 39 Cal. App. 4th 548.

72. Because Defendant has reported upon Plaintiff's consumer credit reports that the account was included in bankruptcy despite the fact that Plaintiff has never once filed for bankruptcy, Defendant thereby caused Plaintiff to be denied a home loan in March 2015.

73. Because Defendant thereafter created a new account number and falsely reported a payment in April 2015 to then falsely report a date of first delinquency of May 2015, while at the same time reporting the account as closed in 2010, Defendant thereby caused Plaintiff to still be denied a home loan in the months of April 2015 to February 2016.

74. As a result, Defendant repeatedly violated its obligations under Calif. Civ. Code § 1785.25(a), and Plaintiff has suffered actual damages by way of denial of pre-qualification for a new home mortgage loan and also significant emotional distress and mental anguish by way of loss of sleep, anxiety, embarrassment, frustration, and feelings of despair.

75. Plaintiff is informed and believes that these violations were willful, as Defendant merely had to review its own records to understand the errors of its reporting, and Defendant repeatedly rebuffed Plaintiff's efforts at informal resolution during the months of April 2015 to January 2016.

**THIRD CAUSE OF ACTION
CALIF. ROSENTHAL ACT
CALIF. CIV. CODE §§ 1788-1788.32**

76. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

77. By reporting the false information upon Plaintiff's consumer credit reports that the account was discharged in bankruptcy and thereafter falsely reporting a false date of payment in April 2015 and a false date of first delinquency of May 2015, Defendant has committed the following violations of the Federal FDCPA:

   a. Uttered false, deceptive, and misleading representations in connection with their attempt to collect a debt in violation of 15 U.S.C. § 1692e of the Federal FDCPA;

   b. Falsely represented the character and legal status of any debt in violation of 15 U.S.C. § 1692e(2) of the Federal FDCPA;

   c. Communicated credit information that is known or should be known to be false in violation of 15 U.S.C. § 1692e(8) of the Federal FDCPA.

78. By "Nitzu" falsely claiming that Plaintiff had "re-affirmed" the account as his by simply calling in to investigate and dispute the reporting, Defendant has committed the following violations of the Federal FDCPA:

   a. Engaged in unfair and unconscionable means in an attempt to collect a debt in violation of 15 U.S.C. § 1692f of the Federal FDCPA;

   b. Uttered false, deceptive, and misleading representations in connection with

1    their attempt to collect a debt in violation of 15 U.S.C. § 1692e of the

2    Federal FDCPA;

3    c. Falsely represented the character and legal status of any debt in violation of

4    15 U.S.C. § 1692e(2) of the Federal FDCPA;

5    d. Communicated credit information that is known or should be known to be

6    false in violation of 15 U.S.C. § 1692e(8) of the Federal FDCPA;

7    e. Used false representation or deceptive means to collect or attempt to

8    collect any debt in violation of 15 U.S.C. § 1692e(10) of the Federal

9    FDCPA; and

10   f. Used unfair and unconscionable means to collect or attempt to collect any

11   debt in violation of 15 U.S.C. § 1692f of the Federal FDCPA.

12   79.   All of the above violations of the FDCPA are incorporated into the Rosenthal Act via Calif. Civil Code § 1788.17, and are therefore all violations of the Rosenthal Act.

80.   As a result of these violations, Plaintiff has suffered mental anguish as described in the factual allegations above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered against all Defendants individually, and Plaintiff be awarded damages as follows:

**As to the First Cause of Action:**

1.   Actual damages in the amount of $125,000.00, or as the jury may allow,

17
**Complaint for Damages and Injunctive Relief**

for Defendant DELL's willful violations of the Federal Fair Credit Reporting Act, pursuant to 15 U.S.C. § 1681n(a)(1);

2. Such punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2) for Defendant's pattern of engaging in violations of the Federal Fair Credit Reporting Act;

3. Actual damages in the amount of $125,000.00, or as the jury may allow, for Defendant DELL's negligent violations of the Federal Fair Credit Reporting Act, pursuant to 15 U.S.C. § 1681o(a)(1);

4. Injunctive relief to prohibit Defendant from engaging in future violations;

5. Any reasonable attorney's fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

**As To the Second Cause of Action:**

1. Actual damages in the amount of $125,000.00, or as the jury may allow, for Defendant's negligent violations of Calif. Civ. Code § 1785.25(a), pursuant to Calif. Civ. Code § 1785.31(a)(1); or

2. Actual damages in the amount of $125,000.00, or as the jury may allow, plus punitive damages of $5,000.00 for every willful violation of Calif. Civ. Code § 1785.25(a) by Defendant, pursuant to Calif. Civ. Code § 1785.31(a)(2)(A)-(C); plus

3. Injunctive relief for Defendant to remove all inaccurate and incomplete derogatory reporting of the account in questions, pursuant to Calif. Civ. Code § 1785.31(b);

    4.    Any reasonable attorney's fees and costs to maintain the instant action, pursuant to Calif. Civ. Code § 1785.31(d).

**As To the Third Cause of Action:**

    1.    An award of actual damages in the amount of $125,000.00, or as the jury may allow, pursuant to California Civil Code section 1788.30(a), as will be proven at trial, for mental anguish and for denial of a new home loan during the months of March 2015 to February 2016; plus

    2.    An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) for willful and knowing violations, which is cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32; plus

    3.    An additional award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated into the Rosenthal Act via Calif. Civ. Code §1788.17, which is cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32; plus

    4.    An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code section 1788.30(c).

///

///

///

///

///

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

SEMNAR & HARTMAN, LLP

DATED: 02/08/2016

*/s/ Jared M. Hartman*
JARED M. HARTMAN, ESQ.
Attorneys for Plaintiff,
RICHARD MILLER